**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

REGINALD R. LOCKHART, an individual, on behalf of himself and all others similarly situated,

Plaintiff,

vs. **CLASS ACTION**

REAL TIME RESOLUTIONS, INC., a Texas corporation,

Defendant.
_______________________________/

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiff, Reginald R. Lockhart, an individual, on behalf of himself and all others similarly situated, sues Defendant, Real Time Resolutions, Inc., a Texas corporation, and alleges:

## I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Declaratory relief is available pursuant to 28 U.S.C. §§2201-2202.

## III. ALLEGATIONS AS TO PARTIES

3. At all times material hereto, Plaintiff, Reginald R. Lockhart ("Mr. Lockhart"), is

*sui juris* and a resident of Broward County, Florida.

4. At all times material hereto, Defendant, Real Time Resolutions, Inc. ("Real Time Resolutions" or "Debt Collector"), is a Texas corporation, doing business in Broward County, Florida.

5. At all times material hereto, Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another.

6. At all times material hereto, Defendant is a "debt collector" as said term is defined under the FDCPA, 15 U.S.C. §1692a(6).

7. At all times material hereto, Mr. Lockhart is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. §1692a(3).

## IV. FACTUAL ALLEGATIONS

### A. Description of Disputed and Unenforceable Consumer Account

8. In or about 1987, Mr. Lockhart obtained an open-ended credit account known more commonly as a "home equity loan" ("HELOC Loan") for his personal and household purposes through Bank One, N.A. ("Bank One").

9. The HELOC was secured by the residence of Mr. Lockhart located at 3846 N. 20th Street, Milwaukee, Wisconsin 53206 ("Lockhart Residence").

10. In or about 1990, as the result of an unavoidable decline in his household income, Mr. Lockhart became delinquent in the payment of the HELOC Loan through Bank One.

11. Mr. Lockhart has not made a payment on the HELOC Loan since at least 1990.

12. At some unknown time in the past, Bank One transferred or assigned its interest in

the HELOC Loan to Old Canal Financial, Inc. ("Old Canal Financial") for unknown terms and for unknown consideration.

13. On or about September 26, 2005, Old Canal Financial filed or caused to be filed a civil action to collect monies purportedly owed under the HELOC Loan against Mr. Lockhart in that certain case styled "*Old Canal Financial v. Reginald Lockhart*, In the County Court, in and for Broward County, Florida, Case No.:COCE-05-14795 (56)" ("Broward County HELOC Collection Proceeding").

14. At the time the Broward County HELOC Collection Proceeding was filed, the statute of limitations for the enforcement of the HELOC Loan under the applicable statute of limitations had expired.

15. As a result of the HELOC Loan being unenforceable by judicial process, Mr. Lockhart and Old Canal Financial entered into a Stipulation for Dismissal with Prejudice with respect to the Broward County HELOC Collection Proceeding.

16. On March 10, 2006, the Court having jurisdiction of the Broward County HELOC Collection Proceeding entered a Final Order of Dismissal with Prejudice ("Dismissal Order"), in the Broward County HELOC Collection Proceeding.

**B. Non-Compliant Initial Written Communication**

17. On or about September 12, 2014, Real Time Resolutions sent or caused to be sent to Mr. Lockhart correspondence, known more commonly in the collection industry as a "dunning letter" for the purpose of collecting monies under the HELOC Loan ("Initial Collection Communication").

18. A true and correct copy of the Initial Collection Communication is attached hereto

and incorporated herein by reference as Exhibit "A."

19. As more detailed below, the Initial Collection Communication failed to provide complete and accurate disclosures mandated by the FDCPA under 15 U.S.C. §1692g in a manner which was reasonably calculated to confuse and frustrate the least sophisticated consumer.

**C. Unlawful Cellular Communications**

20. Notwithstanding the fact that Mr. Lockhart did not owe any money under the HELOC Loan, commencing in September, 2014, Real Time Resolutions made repeated telephone calls to Mr. Lockhart on his cellular phone in an attempt to collect the HELOC Loan without the permission or consent of Mr. Lockhart.

21. Real Time Resolutions refused to stop calling Mr. Lockhart on his cellular phone for a debt he did not owe.

22. Real Time Resolutions did not have the right to make telephone calls to Mr. Lockhart on his cellular phone regarding the HELOC Loan.

23. Real Time Resolutions used an autodialer to place its calls to Mr. Lockhart.

24. Real Time Resolutions used a pre-recorded voice message in its calls to the cellular phone of Mr. Lockhart.

25. Mr. Lockhart does not have a "established business relationship" with Real Time Resolutions as said term is defined under 47 U.S.C. §227(a)(2).

26. Mr. Lockhart did not give Real Time Resolutions his cellular phone number.

27. Mr. Lockhart never gave Real Time Resolutions his consent to call his cellular phone.

**COUNT I - VIOLATION OF TCPA**
***(On Behalf of TCPA Class)***

28. This is an action for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, which provides for a private cause of action for violations of the TCPA and regulations promulgated thereunder by the Federal Communications Commission ("FCC"), 47 C.F.R., Part 64, Subparts 1200 and 1601.

29. Plaintiff realleges and reaffirms the allegations contained in Paragraphs 1 through 27 above as it set forth hereat in full.

***TCPA Practices of Real Time Resolutions***

30. The automatic telephone dialing system used by Defendant – referred to throughout as an "autodialer" – is an "automatic telephone dialing system" as envisioned by 47 U.S.C. § 227.

31. Real Time Resolutions falls within the definition of a "person" as defined by 47 U.S.C. § 153(39).

32. Real Time Resolutions uses an autodialer and prerecorded messages to contact large numbers of persons for collection of delinquent accounts.

33. Real Time Resolutions places thousand of calls per week to collect debts.

34. Real Time Resolutions does not use its automated dialer or prerecorded voice calls for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(I).

35. Real Time Resolutions regularly calls people who do not have accounts with Real Time Resolutions.

36. Real Time Resolutions regularly calls people who have not consented be called by

Real Time Resolutions.

37. As more particularly described above, Real Time Resolutions placed non-emergency telephone calls to Plaintiff's and the class members' cellular telephones using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of Plaintiff in violation of 47 U.S.C. §227(b)(1)(A)(iii).

38. There is no exception or justification for the numerous violations of the TCPA by Real Time Resolutions.

***<u>TCPA Class Allegations</u>***

39. Mr. Lockhart brings his individual claim on behalf of himself and a class of all other persons similarly situated, pursuant to Fed. R. Civ. P. 23.

40. Mr. Lockhart proposes to represent all persons within the United States who

(a) within the four years preceding the filing of this action;

(b) received a non-emergency telephone call from Real Time Resolutions;

(c) to a cellular telephone;

(d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice;

(e) and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed.

("TCPA Class")

41. The TCPA Class is so numerous as to make it impracticable to join all the disparate members of the class.

42. This complaint seeks monetary damages under Fed.R.Civ.P. 23(b)(3).

43.     The TCPA Class Claims in this case present common questions of law and fact including whether:

(a)     Real Time Resolutions uses an autodialer to collect its debts from Mr. Lockhart and the class members;

(b)     Real Time Resolutions uses the automatic telephone dialing system to call the cell phones of persons who have not consented to the calls;

(c)     Real Time Resolutions uses prerecorded voice messages in calls to Mr. Lockhart and the class members;

(d)     Real Time Resolutions made non-emergency calls to Mr. Lockhart and the class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

(e)     Real Time Resolutions had the prior express consent to make calls to Mr. Lockhart and the class members' cellular phones using an automated dialer or prerecorded voice; and

(f)     Real Time Resolutions's conduct was knowing and/or willful.

44.     The common questions predominate over any question affecting only individual class members.

45.     The claims of Mr. Lockhart are typical of the claims of the TCPA Class Members.

46.     Mr. Lockhart bases this action on his individual claims and asserts claims on behalf of the TCPA Class upon the same legal and remedial theories as their individual claims.

47.     Mr. Lockhart will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims in this case.

48.     Mr. Lockhart has suffered similar injuries as the members of the TCPA Class that he seeks to represent.

49.     Mr. Lockhart has retained counsel experienced in handling class action suits involving unfair business practices and consumer law.

50.     Mr. Lockhart nor his counsel have any interest which might cause them not to vigorously pursue this action.

51.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

52.     No individual class member could be expected to hold a strong interest in individually controlling the prosecution of separate claims against Real Time Resolutions, because the claim amounts are likely small and involve statutory damages under the TCPA.

53.     Management of the TCPA Claims will likely present few difficulties because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

54.     Each call to the cellular phones of Plaintiff and the class members is a separate violation and entitles Plaintiff and the class members to statutory damages against Real Time Resolutions in the amount of at least Five Hundred Dollars ($500.00) per call pursuant to 47 U.S.C. §227(b)(3).

55.     Real Time Resolutions willfully and knowingly violated the TCPA and the regulations promulgated thereunder to the extent that the Court may, in its discretion, increase the amount of statutory damages to One Thousand Five Hundred Dollars ($1,500.00) pursuant to 47 U.S.C. §227(b)(3).

WHEREFORE, Plaintiff, Reginald R. Lockhart, individually and on behalf of all others similarly situated, requests that this Court:

A. Certify this matter as a class action;

B. Appoint the undersigned attorneys as class counsel;

C. Authorize counsel to issue notice to the class members;

D. Grant judgment for damages in the amount of $500.00 per call to the class members, and

E. Treble those damages for Real Time Resolutions's willful violations of the TCPA;

F. Determine the attorney fees for counsel based on a common fund recovery; and

G. Grant such other and further relief as the Court deems appropriate.

**COUNT II - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1601 *ET SEQUI.*)**
***(On Behalf of FDCPA Class)***

56. This is an action for violation of 15 U.S.C. §1601, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA").

57. Mr. Lockhart realleges and reaffirms the allegations contained in Paragraphs 1 through 27 above as if set forth hereat in full.

***Practices of Defendant***

58. It is or was the practice of Defendant to send to consumers such as Mr. Lockhart a written notice as part of its initial written communication to collect consumer debts which fails to provide the mandated disclosures pursuant to15 U.S.C. §1692g(a).

***FDCPA Class Action Allegations***

59. This action is brought on behalf of a class consisting of:

(i) with whom Real Time Resolution communicated with but failed to provide the written notice containing all the information mandated by 15 U.S.C. §1692g(a);

(ii) in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or defendants, was incurred for personal, family, or household purposes; and

(iii) during the one year period prior to the filing of the complaint in this action to the date of certification of the class.

("FDCPA Class").

60. There are questions of law or fact common to the FDCPA Class which predominate over any issues involving only individual class members. The common factual issue common to each class member is that the Defendant failed to send the written notice providing all the information mandated by 15 U.S.C. §1692g(a) to debtors with whom Defendant communicated with in an attempt to collect a consumer debt.

61. The common legal issue is whether Defendant violated the FDCPA by failing to provide complete and accurate disclosures mandated by 15 U.S.C. §1692g(a).

62. Plaintiff's claims are typical of those of the class members. All claims are based on the same facts and legal theories.

63. Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor his counsel has any interests which might cause him not to vigorously

64. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

***Allegations of Law***

65. At all times material hereto, Old Canal Financial or its assigns, were "creditors" as said term is defined under 15 U.S.C. §1692a(4).

66. At all times material hereto, the HELOC Loan was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

67. At all times material hereto, the Initial Written Communication was a "communication" as said term is defined under 15 U.S.C. §1692(a)(2).

68. 15 U.S.C. §1692g(a) provides, in pertinent part, the following:

> Notice of Debts; Contents
>
> Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:
>
> (1) The amount of the debt;
>
> (2) The name of the creditor to whom the debt is owed;
>
> (3) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

69. In the Initial Written Communication, Real Time Resolutions disclosed the following concerning the monies purportedly owed by Mr. Lockhart under the HELOC Loan:

"RE: **Mortgage Collection, Processing, and Reporting Transfer Notification**

| | |
|---|---|
| Balance: | $8,209.91 |
| Payoff as of: 09/11/2014 | $22,665.68 |

[emphasis in original]

("Debt Amount Disclosure")

70. Through the Debt Amount Disclosure, Real Time Resolutions failed to disclose the amount of the debt being collected in a manner which did not confuse or frustrate the least sophisticated consumer in contravention of 15 U.S.C. §1692g(a)(1).

71. In the Initial Written Communication, Real Time Resolutions disclosed the following concerning the purpose of the Initial Written Communication:

> You are hereby notified that the collection duties associated with your mortgage loan, that is the right to collect payments from you, is being transferred from Ocwen Federal Bank, FSB to **REAL TIME RESOLUTIONS, INC.** effective 09/11/2014. This transfer of collection rights associated with your mortgage loan does not affect any terms or conditions of your mortgage instruments, other than the terms directly related to the collection of your payments.

[emphasis in original]

("Collection Duties Disclosure")

72. Through the Collection Duties Disclosure, Real Time Resolutions failed to disclose the creditor to whom the debt was owed in a manner which did not confuse or frustrate the least sophisticated consumer in contravention of 15 U.S.C. §1692g(a)(2).

73. As of the date of the Initial Written Communication, the debt represented by the HELOC Loan was purportedly owned by an entity known as "Old Canal Bridge I Trust," an entity whose name is not disclosed in the Initial Written Communication.

74. Mr. Lockhart brings this action on behalf of himself and all others similarly situated for declaratory judgment that the practices of Defendant violated the FDCPA and for an award of statutory damages for themselves and the class.

75. As a result of Defendant's conduct, Plaintiff and the class are entitled to an award of statutory damages pursuant to 15 U.S.C. §1692k.

76. Plaintiff and the class are entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, Reginald R. Lockhart, an individual, requests judgment be entered in his favor and in favor of the class against Defendant, Real Time Resolutions, Inc., a Texas corporation, for:

A. Declaratory judgment that the above-described conduct of Defendant violates the Fair Debt Collection Practices Act;

B. Statutory damages pursuant to 15 U.S.C. §1692k;

C. An award of costs and attorney's fees pursuant to 15 U.S.C. §1692k; and

D. Such other and further relief as the Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff, Reginald R. Lockhart, an individual, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Fax
Email: rwmurphy@lawfirmmurphy.com

# EXHIBIT "A"



09/12/2014

RL01
REGINALD R LOCKHART
11730 SW 2ND ST APT 304
PEMBROKE PINES FL 33025-3496

Your new **REAL TIME RESOLUTIONS, INC.** Loan Number: 

Property: 3846 N 20TH ST
MILWAUKEE WI 53206

RE: **Mortgage Collection, Processing, and Reporting Transfer Notification**

Balance: $ 8,209.91
Payoff as of: 09/11/2014 $ 22,665.68

Dear REGINALD R LOCKHART :

You are hereby notified that the collection duties associated with your mortgage loan, that is the right to collect payments from you, is being transferred from Ocwen Federal Bank, FSB to **REAL TIME RESOLUTIONS, INC.** effective 09/11/2014. This transfer of collection rights associated with your mortgage loan does not affect any terms or conditions of your mortgage instruments, other than the terms directly related to the collection of your payments.

Please be aware that if you are currently in or have been discharged in bankruptcy, this letter is not an attempt to collect a debt. Moreover, in the event you are in or have been discharged in bankruptcy, this letter is not an attempt to foreclose on the real estate lien which still may encumber your home. This correspondence is solely for informational purposes and is intended to provide you with notification of the above referred transfer of collection, processing, and reporting duties. Due to your bankruptcy, you will not receive monthly billing statements unless we receive a written request from you.

Real Time Resolutions, Inc. specializes in the recovery and rehabilitation of secured and unsecured debts. Real Time offers a staff of highly trained professionals dedicated to the successful restructure and repayment of consumer debt and understands that circumstances arise that may cause our customers financial difficulty. We offer a variety of programs that may assist in resolving overwhelming debt. Depending on your personal and financial situation, you may qualify for one of the relief measures listed below. Even if you don't feel one pertains to you, call us so we can discuss your situation and your options.

Refinance - Short Sale - Modification - Forbearance - Settlement

If you would like to contact us at any time about your loan, you may direct your inquires to us at the toll free number of **1-877-599-7334** between the hours of Mon - Thu 7:00am – 9:00pm, Fri 7:00am – 6:00pm, Sat 10:00am – 2:00pm, and Sun 2:00pm – 6:00pm Central. If you would like to correspond with us by e-mail, please e-mail us at **customerservice@rtresolutions.com.**



REAL TIME
RESOLUTIONS

09/12/2014

**Loan Number:** 

Effective 09/11/2014, Ocwen Federal Bank, FSB will not accept payments, correspondence, or calls from you about your loan. Such payments, correspondence or calls will only be accepted and processed by **REAL TIME RESOLUTIONS, INC.** After 09/11/2014, your mortgage payments and correspondence should be directed to the following address:

| Correspondence | Payments |
|---|---|
| REAL TIME RESOLUTIONS, INC. | REAL TIME RESOLUTIONS MAIN |
| P.O. Box 36655 | P.O. BOX 731940 |
| Dallas, Texas 75235-1655 | DALLAS, TX 75373-1940 |

If you are currently making your mortgage payment through pre-authorized draft with Ocwen Federal Bank, FSB, please be advised that after 09/11/2014 that service will be CANCELLED.

Mortgage Accidental Death, Life, Disability, or Optional insurance will NOT remain a part of your monthly payment, AND you will need to make arrangements to pay the premium for these services directly to the insurer to prevent cancellation.

**You should be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):** During the 60-day period following the effective date of a transfer of loan servicing, a loan payment received by your previous servicer before its due date may not be treated by your new servicer as late and a late fee may not be imposed upon you. Section 6 of RESPA (12 U.S.C.) gives you certain consumer rights. If you send a "Qualified Written Request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgement within 20 business days of receipt of your request. A Qualified Written Request is written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that includes your name, account number and a statement of reasons for your belief that the account is in error or provides sufficient detail regarding other information sought by you. A "business day" is a day on which the business entity is open to the public for carrying on substantially all of its business functions. No later that 60 business days after receiving your request, your servicer must make any appropriate corrections to your account and must provide you with written clarification regarding any dispute . During the 60-business-day period, your servicer may not provide any information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents. All Qualified Written Requests must be mailed to:

REAL TIME RESOLUTIONS, INC.
Attn: Qualified Written Requests
P.O. Box 35888
Dallas, Texas 75235-0888

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that section. You should seek legal advice if you believe your rights have been violated.

1349 Empire Central Dr. Suite 150, Dallas, TX 75247-4029
Main 1-877-469-7325 · Facsimile 1-214-599-6357
Corporate Office Hours: Monday-Friday 8:30AM - 5:30PM Central
www.RealTimeResolutions.com

23

Page 2 of 3



09/12/2014

**Loan Number:** 

If you are not in bankruptcy, or have not been previously discharged in bankruptcy, you will soon receive monthly billing statements from us. In the unlikely event that you do not receive a monthly billing statement, you should write your loan number, referenced above, on your check and mail it to us at the address referenced previously.

The following notices are required by the Fair Debt Collection Practices Act, and are primarily applicable to customers who are not in or have not been discharged in a bankruptcy:

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you make written request to this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

REAL TIME RESOLUTIONS, INC.
Toll Free: 1-877-599-7334