**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

REGINALD R. LOCKHART, an
individual, on behalf of himself and
all others similarly situated,

    Plaintiff,

vs.

REAL TIME RESOLUTIONS, INC.,
a Texas corporation,

    Defendant.

_____/

CASE NO.: 0:15-cv-60481-WPD

**CLASS ACTION**

## DEFENDANT'S, REAL TIME RESOLUTIONS, INC., ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Defendant, Real Time Resolutions, Inc., submits this Answer and Affirmative Defenses to Plaintiff's, Reginald R. Lockhart, Class Action Complaint for Damages and Incidental Relief ("Complaint"), and states as follows:

## ANSWER

Each numbered paragraph of this Answer constitutes Defendant's answer to the same numbered paragraph of Plaintiff's Complaint. Defendant denies all allegations of Plaintiff's Complaint except those specifically admitted in this Answer.

1. The allegations contained in Paragraph 1 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant admits that Plaintiff purports to bring an action pursuant to the Fair Debt Collection Practices Act ("FDCPA") but, as to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations contained in Paragraph 1 and, on that basis, denies them.

2. The allegations contained in Paragraph 2 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and, on that basis, denies them.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and, on that basis, denies them.

4. Answering the allegations of Paragraph 4, Defendant admits that Real Time Resolutions, Inc. is a Texas corporation that does business in Broward County, Florida.

5. The allegations contained in Paragraph 5 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant answers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5, and on that basis, denies them.

6. The allegations contained in Paragraph 6 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant answers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6, and on that basis, denies them.

7. The allegations contained in Paragraph 7 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and, on that basis, denies them.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and, on that basis, denies them.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, on that basis, denies them.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and, on that basis, denies them.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, on that basis, denies them.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, on that basis, denies them.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, on that basis, denies them.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, on that basis, denies them.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, on that basis, denies them.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, on that basis, denies them.

17. The allegations contained in Paragraph 17 refer to a document in writing which speaks for itself or otherwise state conclusions of law to which no response is required. To the extent that a response may be deemed required to this paragraph, the allegations are denied insofar as those allegations are inconsistent with the plain language of the written document referenced by Paragraph 17.

18. The allegations contained in Paragraph 18 refer to a document in writing which speaks for itself.

19. The allegations contained in Paragraph 19 state conclusions of law to which no response is required or refer to a document in writing which speaks for itself. To the extent a response may be deemed required, Defendant denies the allegations in Paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, on that basis, denies them.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, on that basis, denies them.

22. The allegations contained in Paragraph 22 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations in Paragraph 22.

23. The allegations in Paragraph 23 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations contained in Paragraph 23.

24. The allegations in Paragraph 24 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations contained in Paragraph 24.

25. The allegations contained in Paragraph 25 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and, on that basis, denies them.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, on that basis, denies them.

27.     The allegations in Paragraph 27 state conclusions of law to which no response is required.  To the extent a response may be deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, on that basis, denies them.

## COUNT I – VIOLATION OF TCPA

28.     Answering the allegations of Paragraph 28, the Defendant admits that Plaintiff purports to bring a class action for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), but otherwise denies the allegations contained in Paragraph 28 and further denies that Plaintiff may maintain an action under the TCPA.

29.     Answering the allegations of Paragraph 29, Defendant incorporates by reference all paragraphs of this Answer as if fully set forth herein.

30.     The allegations contained in Paragraph 30 state conclusions of law to which no response is required.  To the extent a response may be deemed required, Defendant denies the allegations contained in Paragraph 30.

31.     The allegations contained in Paragraph 31 state conclusions of law to which no response is required.  To the extent a response may be deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, on that basis, denies them.

32.     The allegations contained in Paragraph 32 state conclusions of law to which no response is required.  To the extent a response may be deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, on that basis, denies them as stated.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, on that basis, denies them.

34. The allegations contained in Paragraph 34 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, on that basis, denies them.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, on that basis, denies them as stated.

36. The allegations contained in Paragraph 36 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, on that basis, denies them.

37. The allegations contained in Paragraph 37 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations in Paragraph 37.

38. Denied.

39. Answering the allegations of Paragraph 39, Defendant admits that Plaintiff purports to bring an action on his own behalf and on behalf of a class of other persons similarly situated, but otherwise denies that Plaintiff may maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. To the extent that there are allegations not otherwise responded to, the Defendant denies all remaining allegations in Paragraph 39.

40. Answering the allegations of Paragraph 40 and its subparts, Defendant admits that Plaintiff purports to bring an action on his own behalf and on behalf of a class of other persons

similarly situated, but otherwise denies that Plaintiff may maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  To the extent that there are allegations not otherwise responded to, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 and, on that basis, denies them.

41. The allegations contained in Paragraph 41 state conclusions of law to which no response is required.  To the extent a response may be deemed required, Defendant denies the allegations in Paragraph 41 and otherwise denies that Plaintiff may maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

42. Answering the allegations of Paragraph 42, Defendant admits that Plaintiff purports to seek monetary damages, but otherwise denies that Plaintiff may maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

43. The allegations contained in Paragraph 43 and its subparagraphs state conclusions of law to which no response is required.  To the extent a response may be deemed required, Defendant denies all allegations in Paragraph 43 and its subparagraphs, denies that any of the subparagraphs identified in Paragraph 43 are common questions of law or fact, and otherwise denies that Plaintiff may maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

44. The allegations contained in Paragraph 44 state conclusions of law to which no response is required.  To the extent a response may be deemed required, Defendant denies the allegations in Paragraph 44 and otherwise denies that Plaintiff may maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

45. The allegations contained in Paragraph 45 state conclusions of law to which no response is required.  To the extent a response may be deemed required, Defendant denies the

allegations in Paragraph 45 and otherwise denies that Plaintiff may maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

46.     The allegations contained in Paragraph 46 state conclusions of law to which no response is required.  To the extent a response may be deemed required, Defendant denies the allegations in Paragraph 46 and otherwise denies that Plaintiff may maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

47.     The allegations contained in Paragraph 47 state conclusions of law to which no response is required.  To the extent a response may be deemed required, Defendant denies the allegations in Paragraph 47 and otherwise denies that Plaintiff may maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

48.     The allegations contained in Paragraph 48 state conclusions of law to which no response is required.  To the extent a response may be deemed required, Defendant denies the allegations in Paragraph 48 and otherwise denies that Plaintiff may maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, on that basis, denies them.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, on that basis, denies them.

51.     The allegations contained in Paragraph 51 state conclusions of law to which no response is required.  To the extent a response may be deemed required, Defendant denies the allegations in Paragraph 51 and otherwise denies that Plaintiff may maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

52. The allegations contained in Paragraph 52 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations in Paragraph 52 and otherwise denies that Plaintiff may maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

53. The allegations contained in Paragraph 53 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations contained in Paragraph 53 and otherwise denies that Plaintiff may maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

54. The allegations contained in Paragraph 54 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations contained in Paragraph 54 and denies that Plaintiff or the class members are entitled to statutory damages.

55. The allegations contained in Paragraph 55 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations contained in Paragraph 55 and denies that Plaintiff or the class members are entitled to statutory damages.

## PRAYER FOR RELIEF

Defendant Real Time Resolutions further denies that Plaintiff is entitled to any of the relief that he seeks in Paragraphs A-G in the Prayer for Relief following Count I of his Complaint. By way of further response, Defendant denies that Plaintiff or any other person is entitled to any damages award, trebling of damages, attorney's fees, or any sort of declaratory relief. Defendant further denies that Plaintiff's claims can be maintained as a class action.

## COUNT II – ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTIONS PRACTICES ACT (15 U.S.C. §1601 *ET SEQUI.*)

56. Answering the allegations of Paragraph 56, Defendant admits that Plaintiff purports to bring a class action for violation of the FDCPA but otherwise denies that Plaintiff may maintain an action for violation of the FDCPA and denies that Plaintiff may maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

57. Defendant incorporates by reference all paragraphs of this Answer as if fully set forth herein.

58. The allegations contained in Paragraph 58 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations contained in Paragraph 58 as stated.

59. The allegations contained in Paragraph 59 and its subparagraphs state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies that Plaintiff is entitled to bring a class action on behalf of the class described in Paragraph 59 and its subparagraphs and otherwise denies that Plaintiff may maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

60. The allegations contained in Paragraph 60 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations in Paragraph 60, denies the existence of any common factual issue, and otherwise denies that Plaintiff may maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

61. The allegations contained in Paragraph 61 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the

allegations contained in Paragraph 61 otherwise denies that Plaintiff may maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

62. The allegations contained in Paragraph 62 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations contained in Paragraph 62 and otherwise denies that Plaintiff may maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

63. The allegation contained in Paragraph 63 that Plaintiff will "fairly and adequately protect the interests of the class" states a conclusion of law to which no response is required. To the extent a response may be deemed required, Defendant denies that allegation and otherwise denies that Plaintiff may maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. As to the remaining allegations in Paragraph 63, those allegations are incomplete and not cognizable, and Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

64. The allegations contained in Paragraph 64 and its subparagraphs state conclusions of law to which no response is required. To the extent a response may be deemed required, the Defendant denies that certification of the purported class under Rule 23(b)(3) is appropriate and otherwise denies that Defendant may maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

65. The allegations contained in Paragraph 65 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and, on that basis, denies them.

66. The allegations contained in Paragraph 66 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and, on that basis, denies them.

67. The allegations contained in Paragraph 67 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and, on that basis, denies them.

68. The allegations contained in Paragraph 68 and its subparagraphs describe a statute, 15 U.S.C. § 1692g(a), which speaks for itself, or states conclusions of law to which no response is required.

69. The allegations contained in Paragraph 69 refer to documents in writing, which speak for themselves. To the extent that a response may be deemed required to this paragraph, the allegations are denied insofar as those allegations are inconsistent with the plain language of the written document referenced by Paragraph 69.

70. The allegations contained in Paragraph 70 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations of Paragraph 70.

71. The allegations contained in Paragraph 71 refer to documents in writing, which speak for themselves. To the extent a response may be deemed required, the allegations are denied insofar as those allegations are inconsistent with the plain language of the written document referenced by Paragraph 71.

72. The allegations contained in Paragraph 72 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations of Paragraph 72.

73. The allegations contained in Paragraph 73 refer to documents in writing, which speak for themselves. To the extent a response may be deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, on that basis, denies them.

74. The allegations contained in Paragraph 74 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies that it violated the FDCPA and also denies that Plaintiff is entitled to statutory damages. Defendant further denies that Plaintiff may maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

75. The allegations contained in Paragraph 75 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations in Paragraph 75.

76. The allegations contained in Paragraph 76 state conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations in Paragraph 76.

## PRAYER FOR RELIEF

Defendant Real Time Resolutions further denies that Plaintiff is entitled to any of the relief that he seeks in Paragraphs A-D in the Prayer for Relief in his Complaint. By way of further response, Defendant denies that Plaintiff or any other person is entitled to any damages award or any sort of declaratory relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant specifically denies all allegations contained in the Complaint not specifically admitted herein.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff and others alleged to be members of the purported class lack standing to bring or maintain the claims asserted in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the purported class may be barred by all applicable statutes of limitations, including but not limited to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1658.

### FIFTH AFFIRMATIVE DEFENSE

The causes of action asserted in the Complaint are barred in whole or in part, by the Doctrine of Laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff and others alleged to be members of the purported class are barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, and/or other equitable doctrines.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the purported class are barred in whole or in part because they have failed to mitigate their damages, if any.

**EIGHTH AFFIRMATIVE DEFENSE**

Any portions of the Complaint which seek damages and/or penalties in excess of actual damages are unconstitutional because such damages and/or penalties would violate the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of the others alleged to be members of the purported class are barred by the defense of setoff.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of others alleged to be members of the purported class may be barred because any alleged acts or omissions of Defendant that gives rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions.  Defendant at all times acted in a reasonable manner in connection with the transaction at issue in this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of others alleged to be members of the purported class are barred in whole or in part because Plaintiff and others alleged to be members of the purported class consented to, ratified, or acquiesced in all of the alleged acts or omissions of which they complain.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks to bring this Complaint on behalf of a class, this action cannot be maintained as a class action because, *inter alia*, Plaintiff does not and cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff and others alleged to be members of the purported class entered into an arbitration agreement that would cover the claims at issue in this lawsuit, Plaintiff's claims and

the claims of others alleged to be members of the purported class are subject to arbitration and Defendant reserves the right to compel arbitration of this matter.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff and others alleged to be members of the purported class have released and/or waived any and all claims, rights, and demands made by them in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff and others alleged to be members of the purported class gave prior express consent for the telephone calls at issue in this action.  47 U.S.C. §227(b)(1)(A).

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the purported class may be barred because the acts or omissions of which Plaintiff complains have been approved and/or mandated, implicitly or expressly, by applicable statues and regulations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the purported class may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant specifically denies that it acted with any willfulness, oppression, fraud, or malice towards Plaintiff or others alleged to be members of the purported class.

### NINETEENTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff should be reduced by the proportion of any harm or damages caused by Plaintiff and others alleged to be members of the purported class.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff and the others alleged to be members of the purported class have failed to show that any acts or omissions of Defendant caused the damages, injuries, or losses claimed.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff and the others alleged to be members of the purported class did not incur any damages, injury, or loss as a result of any act or conduct by Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

If Plaintiff or the others alleged to be members of the purported class suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

If Plaintiff or the others alleged to be members of the purported class suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The acts and/or omissions alleged in the Complaint were justified.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant reserves its right to challenge venue of this action in the Southern District of Florida based on the convenience of parties and witnesses, and in the interest of justice. 28 U.S.C. § 1404(a).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant reserves the right to move to dismiss based on improper venue. 28 U.S.C. § 1406(a); Fed. R. Civ. P. 12(b)(3).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff on behalf of himself and on behalf of absent class members are barred by finally approved settlements of class actions asserting the same claims based upon the same circumstances.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff on behalf of himself and on behalf of absent class members are barred by res judicata and/or collateral estoppel.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may fall within the primary jurisdiction of the Federal Communications Commission.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendant's conduct was privileged and/or justified.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The Complaint fails to allege facts sufficient to demonstrate an entitlement to declaratory relief.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert such defenses.

WHEREFORE, Defendant prays for a judgment as follows:

1. That Plaintiff and the members alleged to be part of the putative class take nothing by reason of the Complaint;

2. For Defendant's costs of suit herein;

3. For attorney's fees according to proof; and

Case 0:15-cv-60481-WPD   Document 17   Entered on FLSD Docket 06/05/2015   Page 19 of 20

4. For such other and further relief s this Court may deem just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of June, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to any CM/ECF participant on the attached service list.

Respectfully submitted,

KRINZMAN, HUSS & LUBETSKY
*Counsel for Defendant*
800 Brickell Avenue, Suite 1501
Miami, Florida 33131
Telephone: (305) 854-9700
Facsimile: (305) 854-0508
E-mail: cal@khllaw.com
ag@khllaw.com
Secondary: eservicemia@khllaw.com

By: _____
Cary A. Lubetsky, Esq.
Florida Bar No. 961360
Aniella Gonzalez, Esq.
Florida Bar No. 547484

-and-

Mathew M. Wrenshall, Esq.
(appearing *pro hac vice*)
REED SMITH LLP
*Co-counsel for Defendant*
355 South Grand Avenue, Suite 2800
Los Angeles, CA 90071
Telephone: (213) 457-8076
Facsimile: (213) 457-8080

## SERVICE LIST

**Robert W. Murphy, Esq.**
1212 SE 2nd Avenue
Fort Lauderdale, FL 33316
rwmurphy@lawfirmmurphy.com
*Counsel for Plaintiff*