**UNITED STATES DISTRICT COURT**
**SOUTHERN DISCTRICT OF FLORIDA**

**CASE NO.: 15-cv-60481-WPD**

REGINALD R. LOCKHART, an individual, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

REAL TIME RESOLUTIONS, INC., a Texas corporation,

Defendant.
_______________________________________/

**DECLARATION OF ROBERT JINDRA REGARDING SETTLEMENT ADMINISTRATION**

I, Robert Jindra, declare as follows:

1. I am an Assistant Director of Operations for the Garden City Group, LLC ("GCG"). The following statements are based on my personal knowledge and information provided by other GCG employees working under my supervision, and if called on to do so, I could and would testify competently about these issues.

2. GCG has a considerable amount of expertise in class action administration and the development of notice programs. In its history of over 30 years, our team has served as administrator for over 3,000 cases. GCG has mailed hundreds of millions of notices, disseminated over 350 million emails, handled over 32 million phone calls, and distributed over $63 billion in benefits.

3. Pursuant to Section 33 of the Settlement Agreement (the "Agreement")[1], which the

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Agreement.

Court preliminarily approved on August 10, 2016 ("Preliminary Approval Order"), GCG was retained as the Settlement Administrator.

4. I submit this Declaration in order to advise the Parties and the Court as to compliance with the notice procedures as set forth in the Agreement and Preliminary Approval Order.

## CAFA NOTICE

5. Pursuant to Section 48.1 of the Settlement Agreement, notice of the proposed settlement pursuant to the Class Action Fairness Act 28 U.S.C. §1715(b) ("CAFA Notice") was to be sent within ten days of the Preliminary Approval Motion. On August 15, 2016, Defendant's Counsel informed GCG that they sent the required CAFA Notice.

## DATA TRANSFER

6. Pursuant to Section 39(c) of the Settlement Agreement, on August 12, 2016, Defendant's Counsel provided GCG with an Excel workbook containing data records for potential Class Members (the "Class List"). The Class List contained the name, address, and/or email address for 31,011 potential Class Members. After review, 592 records were removed for being duplicative based on being an exact name and address match with another record. Therefore, the Class List contained 30,419 unique Class Member records.

## DIRECT NOTICE

7. Pursuant to Section 44 of the Settlement Agreement, GCG was to mail the notice ("Postcard Notice") to the Class List. Prior to mailing the Postcard Notice, GCG ran all addresses through the National Change of Address ("NCOA") database maintained by the U.S. Postal Service.[2] To the extent that any potential Class Member had recently filed a U.S. Postal Service change of address request, the address listed in the NCOA database was used in connection with the postcard notice mailing. A total of 1,514 records in the Class List were updated with a new

[2] The NCOA database is an official United States Postal Service technology product, which makes change of address information available to mailers to help reduce undeliverable mail pieces before mail enters the mailstream. This product is an effective tool to update address changes when a person has completed a change of address form with the Post Office. The U.S. Postal Service maintains address information on the database for 48 months.

address from the NCOA database. 1,027 records had an invalid and incomplete address and were therefore removed from the notice mailing. On September 1, 2016, GCG mailed the Postcard Notice to the 29,392 unique individuals on the Class List with a mailable address. Attached hereto as **Exhibit A** is a sample of the Postcard Notice.

8. GCG tracked all Postcard Notices that were returned as undeliverable. As of October 11, 2016, a total of 50 Postcard Notices with forwarding address information were returned to GCG, and GCG promptly re-mailed the Postcard Notices to the updated address provided. As of October 11, 2016, a total of 3,846 Postcard Notices were returned to GCG as undeliverable without forwarding address information.

**SETTLEMENT WEBSITE**

9. Pursuant to Section 44.1 of the Settlement Agreement, GCG designed and made public a Settlement Website, www.lockhartfdcpaclasssettlement.com, to provide information about the Settlement. The Settlement Website included an overview of the case, information on how to file a claim, important dates and deadlines, answers to frequently asked questions, and contact information for Class Counsel and GCG. Class Members could also submit Claim Forms online via the Settlement Website. Screenshots of the online Claim Form are attached hereto as **Exhibit B**. In addition, GCC posted the following court documents to the Settlement Website:

a. Complaint,

b. Long Form Notice (a copy of the Long Form Notice is attached hereto as **Exhibit C**),

c. The Settlement Agreement, and

d. Preliminary Approval Order.

10. On September 1, 2016, GCG made the Settlement Website available to the public. As of October 11, 2016, the Settlement Website has received 2,440 visits.

11. GCG has and will continue to maintain and update the Settlement Website throughout the administration of the Settlement.

**CLASS INQUIRY SUPPORT**

12. Pursuant to Section 44.2 of the Settlement Agreement, on September 1, 2016, in order to accommodate inquiries regarding the Settlement, GCG made operational a telephone number, 1-855-629-0734, with an Interactive Voice Response ("IVR") system. Callers have the

ability to listen to important information about the Settlement 24 hours a day, 7 days a week. The IVR script was reviewed, edited, and approved by Class Counsel. As of October 11, 2016, GCG has received a total of 1,084 calls. GCG has and will continue to maintain and update the IVR throughout the administration of the Settlement.

13. In order to further accommodate Class Member inquires; GCG established an email inbox, info@LockhartFDCPAClassSettlement.com, which allows Class Members to email any questions regarding the Settlement. All outstanding Class Member inquiries have been resolved.

**CLAIMS**

14. Pursuant to Section 8 of the Settlement Agreement, any Class Member wishing to participate in the Settlement must submit a claim form postmarked no later than October 10, 2016. Attached hereto as **Exhibit D** is a copy of the Claim Form. As of October 11, 2016, GCG received a total of 1,215 timely Claim Forms. The 1,215 Claim Forms consist of 1,098 online claim forms and 117 mailed claim forms.

15. Of the 1,215 Claim Forms received, five (5) were submitted by claimants whose information did not match the information in the Class List. GCG contacted these five (5) claimants by mail or email between October 5 and October 10, 2016, requesting further information regarding their claims. As of October 11, 2016, GCG has not received any responses from these claimants.

**EXCLUSIONS**

16. Pursuant to Sections 45 and 50 of the Settlement Agreement, any Class Member may have sought to be excluded from the Settlement by submitting a written request for exclusion to the Settlement Administrator, postmarked by September 26, 2016. Requests to be excluded must have stated the Class Member's full name, address and signature. As of October 11, 2016, GCG received 6 timely requests for exclusion, and 2 untimely requests for exclusion. A list of all persons who have submitted a request for exclusion is attached hereto as **Exhibit E**.

## OBJECTIONS

17. Pursuant to Section 49 of the Settlement Agreement, any Class Member who wished to object to the Settlement must have filed their reasons for objecting with the Court on or before September 26, 2016. Any objection must have stated the Class Member's full name, address, telephone number, and reasons for his or her objections. As of October 11, 2016, GCG has not received any objections.

I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.

Executed this 12th day of October, 2016 in Seattle, Washington.

ROBERT JINDRA

# EXHIBIT A

**Lockhart v. Real Time Resolutions**
**c/o GCG**
**P.O. Box 10307**
**Dublin, OH 43017-5907**

---

**Forwarding Service Requested**

1234567890

Personal ID: MMMMM011111111

Control No: 1234567890

JANE CLAIMANT
123 4TH AVE
APT 5
SEATTLE, WA 67890

# CLASS ACTION SETTLEMENT NOTICE

**You have been identified as a potential class member in a lawsuit entitled *Lockhart v. Real Time Resolutions, Inc.*, Case No. 1:15-cv-60481-WPD, which is currently pending in the U.S. District Court for the Southern District of Florida. If you received an initial letter from Real Time Resolutions, Inc. between February 1, 2013 and August 10, 2016 that did not disclose the amount of the debt that Real Time was collecting and the entity to whom the debt was owed, you may be a Class Member in this lawsuit.**

**A proposed settlement of this class action has been preliminarily approved. IF YOU ARE A CLASS MEMBER, THE PROPOSED SETTLEMENT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.**

Under the proposed settlement, if you are a member of the class and you submit a claim form, you may be entitled to a portion of the Class Fund established by Real Time Resolutions, Inc. in the amount of $22,500.00. To be eligible, your claim form must be postmarked by no later than **October 10, 2016**.

If you wish to be excluded from the settlement or to object to the proposed settlement, you must act on or before September 26, 2016. **If you do not request to be excluded from the settlement before September 26, 2016, you will be deemed to have released Defendants from those claims being settled.** On **October 27, 2016** at 1:15 p.m., a hearing will be held before the Honorable William P. Dimitrouleas in Courtroom # 205B of the U.S. District Court for the Southern District of Florida, on the fairness of the proposed settlement. You do not have to come to the hearing unless you want to object to the settlement.

The terms of the proposed settlement are described more fully in the full notice of the proposed settlement. You can review, download, and print the full notice of the proposed settlement from the Settlement Administrator's website at www.LockhartFDCPAClassSettlement.com. You can also obtain the claim form from this website. You may also obtain a copy of this document by calling the Settlement Administrator toll free at 1-855-629-0734, or by requesting this information from the Settlement Administrator by mail at Lockhart v. Real Time Resolutions, c/o GCG, PO Box 10307, Dublin, OH 43017-5907.

# EXHIBIT B

http://g-net.gcdomain.local/SitePages/Home.aspx

G-NET - Home

Home

Protocol

Frequently Asked Questions

Claim Registration

Court Documents

Press Release

Contact Information

# *Lockhart v. Real Time Resolutions, Inc*
# www.LockhartFDCPAClassSettlement.com

## Online Claim Form Submission

Welcome to the *Lockhart v. Real Time Resolutions, Inc.* Settlement online Claim Filing. This Claim Form must be submitted no later than **October 10, 2016** to receive a Settlement Award.

If you received notice about the *Lockhart v. Real Time Resolutions, Inc.* Settlement, you have been identified as a potential Class Member.

Please enter the Claim ID Number and Confirmation Number provided on your notice below to begin the claims filing process.

---

**Claim ID Number**

**Confirmation Number**




New Image

For security purposes, please type the letters and numbers in the box directly above.

**Proceed to File a Claim**

---

# *Lockhart v. Real Time Resolutions, Inc*
# www.LockhartFDCPAClassSettlement.com

## Online Claim Form Submission

Please enter your current address below. It is your responsibility to keep the Settlement Administrator aware of any updates or changes to your current address. Please make any necessary address updates below.

NAME AND ADDRESS

**Claimant Name** *

**Mailing Address** *

**City** *

**State** * **Zip** *

**Foreign Country (only if not USA)**

**Optional Telephone Number (home)**

**Email address***

CLAIM

☐ I certify that I received a letter from Real Time Resolutions, Inc. regarding the transfer of collection duties of my mortgage loan between February 1, 2013 through August 10, 2016.

CERTIFICATION

By submitting this claim form, I certify that the foregoing information supplied by the undersigned is true and correct to the best of my knowledge and recollection.

**Signature**

Please type your name in the box above to electronically sign the claim form.

**Date**

**Previous** **Submit**

Home
Protocol
Frequently Asked Questions
Claim Registration
Court Documents
Press Release
Contact Information

*Lockhart v. Real Time Resolutions, Inc*
www.LockhartFDCPAClassSettlement.com

## Online Claim Form Submission

### CONFIRMATION OF CLAIM FORM SUBMITTAL

Thank you for submitting your *Lockhart v. Real Time Resolutions, Inc.* Settlement Claim Form. The details of your submission are below

CLAIM INFORMATION

**CLAIM NUMBER:** 123456789
**CLAIMANT NAME:** Claimant
**CLAIMANT ADDRESS:** Jane Doe
Line 1
Line 2
City, State ZIP
**COUNTRY:**
**TELEPHONE NUMBER:** 123-456-7890
**EMAIL ADDRESS:**

Print

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| REGINALD R. LOCKHART, an individual, on behalf of himself and all others similarly situated,<br>Plaintiff,<br>vs.<br>REAL TIME RESOLUTIONS, INC., A Texas corporation,<br>Defendant | **CASE NO.:15-CV-60481-DIMITROULEAS** |

**NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT OF CLASS ACTION**

**THIS IS NOT A LAWSUIT AGAINST YOU.**

**TO RECEIVE YOUR SHARE OF THE SETTLEMENT MONEY, YOU MUST SEND BACK THE CLAIM FORM.**

**A COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.**

Your legal rights will be affected whether you act or don't act. Read this notice carefully.

Your rights, options and the deadlines to exercise them are explained in this Notice.

The Court in charge of this lawsuit still has to decide whether to approve the settlement. Payments will only be made if the settlement is approved.

## WHAT THIS LAWSUIT IS ABOUT

Plaintiff, Reginald R. Lockhart, brought this class action against Defendant, Real Time Resolutions, Inc. ("Settlement Defendant") to recover damages for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq.

Plaintiff alleged that Settlement Defendant violated the FDCPA by attempting to collect a debt using letters that failed to provide an effective and non-confusing disclosure of the “amount of the debt” and to whom the debt was owed as required under 15 U.S.C. §1692g.

Settlement Defendant denies any wrongdoing. Defendant and Plaintiff (the “Parties”) have determined that it is in their best interests to settle the Action to avoid the expense, inconvenience, and interference with ongoing business operations that are associated with litigation. In addition, the U.S. District Court for the Southern District of Florida (the “Court”) has determined that the Action should proceed as a class action, for settlement purposes only, with Plaintiff acting as Class Representative, and has granted preliminary approval of the settlement, subject to a final fairness hearing discussed below.

## THE CLASS

You have received this notice because, according to the records of the Settlement Defendant, you appear to be a member of the Class. There are approximately 31,000 Class Members, and the class period is from February 1, 2013 through August 10, 2016. The Court has defined the Class as:

> All persons within the United States (i) with whom Real Time Resolutions, Inc. communicated with but failed to disclose the amount of the debt being collected and to whom the debt was owed as required under 15 U.S.C. §1692g(a); (ii) in an attempt to collect a debt which, according to the nature of the creditor or the debt, was incurred for personal, family or household purposes; and (iii) from February 1, 2013 through August 10, 2016. (“Relevant Time Period”).

## THE PROPOSED SETTLEMENT

The attorney for the Class believes that this settlement is fair, reasonable, and adequate, and in the best interests of the Class Members. The terms of the settlement are:

**Relief to the Class.** Each Class Member who does not opt-out or exclude himself or herself from the settlement and who timely submits a claim form shall receive a check ("Settlement Check") for his or her *pro rata* share of a class fund in the amount of $22,500.00 ("Class Fund"). To the extent that there are any funds remaining from un-cashed or expired Settlement Checks, an amount equal to the amount of such checks will be paid over as a *cy pres* award in equal portions to the National Legal Aid and Defender Association for use in the education and representation of consumers.

**Release.** If you do not exclude yourself from the Settlement and/or accept the Settlement Check, you will give up your rights to bring a lawsuit against the Settlement Defendant. In other words, each Class Member who does not request to be excluded from this settlement shall, as of the Settlement Effective Date, be deemed to release and discharge forever the Settlement Defendant from all claims, irrespective of legal theory, known or unknown, arising out of the allegations asserted in the Complaint.

**Litigation Expense.** Subject to Court approval, Settlement Defendant will pay Class Counsel's reasonable attorney's fees and costs, in an amount to be determined by the Court. Also subject to Court approval, Settlement Defendant will pay $3,600.00 to the Class Representative separately, for his efforts in bringing the action. These awards will be in addition to any monies to the Class from the Settlement Fund.

## OPINION OF CLASS COUNSEL CONCERNING THE VALUE OF THE SETTLEMENT

The maximum recovery for the Class under the FDCPA for a class action is one percent (1%) of the Settlement Defendant's net worth, and $1,000 for the Class Representative. Under the FDCPA in an individual action, the person bringing suit may recover: (1) any actual damages suffered, and (2) statutory damages determined by the court, but not more than $1,000. There is no assurance that an individual plaintiff will recover anything at all. Also, the person bringing suit can also recover attorney's fees and expenses of the suit, if successful.

The attorney representing this Class believes that this settlement is fair and reasonable. There are risks that could reduce or eliminate any recovery by the Class Members. There is no guarantee that Plaintiff or any other Class Member would be successful in a claim against the Settlement Defendant or that a court would award damages. This settlement was reached in negotiations with the Settlement Defendant. The Court has not made any decision about whether the claims raised in the Complaint or the defenses raised by the Settlement Defendant have any merit. As such, the attorney for the Class believes this settlement is in the best interests of the Class.

FAIRNESS HEARING
(YOU DO NOT HAVE TO COME TO THE HEARING UNLESS YOU WANT TO OBJECT TO THE SETTLEMENT)

On **October 27, 2016 at 1:15 p.m**., a hearing will be held on the fairness of the proposed settlement. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed settlement. The hearing will take place before the Honorable William P. Dimitrouleas, in Courtroom # 205B of the U.S. District Court for the Southern District of Florida, Fort Lauderdale Division, U.S. Federal Building and Courthouse, 299 East Broward Blvd., Fort Lauderdale, Florida 33301.

<u>You may appear in this proceeding on your own or through an attorney if you so desire.</u>

## CORRECT ADDRESS

If this Notice was forwarded to you by the Postal Service, or if it was otherwise sent to you at an address that is not current, you should send a letter immediately to the Settlement Administrator:

Lockhart v. Real Time Resolutions
c/o GCG
PO Box 10307
Dublin, OH 43017-5907

**YOUR OPTIONS**

**You can receive a Settlement Check for your *pro rata* share of the Class Fund by submitting a claim form.** Class Members must submit a Claim Form in order to be entitled to the relief being offered in connection with this settlement. The Claim Form is available on this website, and may be submitted either electronically at the settlement website www.LockhartFDCPAClassSettlement.com or via U.S. Mail to Lockhart v. Real Time Resolutions, c/o GCG, PO Box 10307, Dublin, OH 43017-5907. The Claim Form requires that you include your name, telephone number, and address when making a claim. As part of this submission, Class Counsel may subject the Claim Form to verification and fraud review, and you may be asked whether you wish to refinance your mortgage loan.

**If you do not wish to be included in the settlement at all.** You have the right to exclude yourself from both the Class Action and the settlement. If you want to maintain the right to sue or continue to sue Defendant based on claims you may have that it violated the FDCPA through a communication during the relevant time period, you must exclude yourself from the Class, or "opt out," as described below. If you opt out, you will not receive any relief in connection with the Settlement. If you opt-out, you will not be part of the suit, you will not get any further notices, and you will not share in the class recovery. You also will not have released and discharged your right to bring an individual claim against the Settlement Defendant and you will not be precluded from prosecuting any timely, individual claim against Defendant based on the conduct complained of in the Action. To exclude yourself from the settlement, you must send a written request for exclusion via United States Mail to the Settlement Administrator. To be valid, the request for exclusion must make clear that exclusion is sought by submitting a letter stating words to the effect of: "I WANT TO BE EXCLUDED FROM THE CLASS IN LOCKHART v. REAL TIME RESOLUTIONS, INC." The request for exclusion must also contain your name, address, and signature. You must mail your Request For Exclusion Form to the Settlement Administrator and it must be **<u>postmarked</u> by September 26, 2016.** Requests for exclusion that are postmarked after this date will not be honored. You cannot exclude yourself by email or telephone. You cannot exclude yourself by mailing a request to any other address or after the **September 26, 2016** deadline. The letter must be signed by you. You cannot exclude yourself by having an actual or purported agent or attorney acting on behalf of you or a group of Class Members sign the letter.

**You have the right to object to the terms of settlement.** If you are a Class Member and you do not request to be excluded from the Class and the settlement, you can object to the proposed settlement by filing a written objection with the Court. Your written objection must state: (a) the name of the Action, *Lockhart v. Real Time Resolutions, Inc.*, Case No. 15-CV-60481-DIMITROULEAS; (b) your full name, address, and telephone number; (c) the word "Objection" at the top of the document; and (e) a written brief stating in clear and concise terms the legal and factual arguments supporting your objection and any evidence you wish to introduce in support of the objection. Please note that it is not sufficient to simply state that you object. <u>You must state reasons why the settlement should not be approved</u>. Then you must **<u>file</u>** your objection with the Court by mailing your written objection (by certified mail) to the Clerk of the Court, U.S. District Court for the Southern District of Florida - Fort Lauderdale Division, 299 East Broward Blvd., Fort Lauderdale, FL 33301. The objection must be **<u>filed</u> with the Clerk on or before September 26, 2016.**

You must also mail copies of the objection to the following attorneys by the same date:

Attorney for Plaintiff: Robert W. Murphy, Esquire, 1212 S.E. 2nd Avenue, Fort Lauderdale, FL 33316; and Attorneys for Settlement Defendant: Abraham J. Colman, Reed Smith LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071. You must also send a copy of the objection to the Settlement Administrator.

With your objection, you must also file a Proof of Service with the Court stating that you mailed or delivered copies of your objection to Class Counsel and Defendant's Counsel.

You may, but need not, file and serve your objection through an attorney of your choice. If you do make your objection through an attorney, you will be responsible for your personal attorney's fees and costs.

**If you file an objection you may also appear at the Final Approval Hearing before Judge William P. Dimitrouleas, on October 27, 2016.** During this hearing, Judge Dimitrouleas will consider the fairness of the proposed settlement, and will hear any objections and arguments concerning the proposed settlement's fairness. Class Counsel will answer questions the Court may have. You are, however, welcome to come to the hearing at your own expense.

If you object to the proposed settlement, you are not required to attend the hearing. However, if you would like to speak at the Final Approval Hearing, you must ask the Court for permission. To do so, you must file a signed, written Notice of Intention to Appear with the Court no later than **September 26, 2016**. Your Notice of Intention to Appear must include: (a) the name of the Action, *Lockhart v. Real Time Resolutions, Inc.*, Case No. 15-CV-60481-DIMITROULEAS; (b) your full name, address, and telephone number; (c) the words "Notice of Intention to Appear" at the top of the document; (d) the

points you wish to speak about at the Fairness Hearing; and (e) the identity (name, address, and telephone number) of any lawyer who will speak on your behalf, if any.

Your Notice of Intention to Appear must be sent to the Clerk of the Court, Class Counsel and Counsel for Defendant at the addresses set forth above, and must be postmarked by **September 26, 2016.** With your Notice of Intention to Appear, you also must file a Proof of Service with the Court stating that you mailed or delivered copies of your Notice of Intention to Appear to Class Counsel and Counsel for Defendant. You cannot speak at the hearing if you have not properly submitted a Notice of Intention to Appear. You cannot speak at the hearing if you have excluded yourself from the Class. If you submit a written objection, you do not have to come to Court to present your objections. As long as you submitted your written objection on time, the Court will consider it. You also may pay your own lawyer to attend, but this not require.

If the settlement is not approved, the case will proceed as if no settlement had been attempted. **There can be no assurance that if the settlement is not approved, the Class will recover more than is provided in this settlement, or indeed anything.**

This description of the case is general and does not cover all of the issues and proceedings thus far. If you wish to see the complete file, you should visit the office of the Clerk of the District Court for the Southern District of Florida. The Clerk will make the files relating to this lawsuit available to you for inspection and copying at your own expense. You may inspect the entire settlement agreement.

## IMPORTANT DEADLINES

1. **Submitting a Request for Exclusion**: If you want to exclude yourself from the class, you must send a valid written request for exclusion, and it must be **postmarked by September 26, 2016**.

2. **Objections to the Settlement:** If you want to object to the settlement (and you have not requested to be excluded), you must **file your written objection with the Clerk of the Court by September 26, 2016.**

3. **File a Claim Form**: Class Members must submit a Claim Form in order to be entitled to the relief being offered in connection with this settlement by **October 10, 2016**.

---

IF YOU HAVE ANY QUESTIONS ABOUT THIS CLASS ACTION, please contact:
Lockhart v. Real Time Resolutions
c/o GCG
PO Box 10307
Dublin, OH 43017-5907
Toll Free Number: 1-855-629-0734

Robert W. Murphy, Esquire
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
Telephone number: 954-763-5670
Email: rwmurphy@lawfirmmurphy.com

# EXHIBIT D

**MUST BE POSTMARKED ON OR BEFORE OCTOBER 10, 2016**

**Lockhart v. Real Time Resolutions**
**c/o GCG**
**P.O. Box 10307**
**Dublin, OH 43017-5907**
**Toll-Free: 1-855-629-0734**

LKH

Control No: 1234567890
Claimant ID: LKH011111111

LKH1234567890

JANE CLAIMANT
123 4TH AVE
APT 5
SEATTLE, WA 67890

# Lockhart Settlement Claim Form

***Lockhart v. Real Time Resolutions, Inc., Case No. 1:15-cv-60481-WPD***

To make a claim, you must complete and submit a claim form on-line or by mail. Claims submitted by mail must be postmarked by October 10, 2016.

## Part I: Claimant Identification

Claimant Name:

Address 1 (street name and number):

Address 2 (apartment, unit or box number):

City: State: ZIP:

Foreign Country (only if not USA):

Email Address:

Optional Telephone Number (home):

( ) -

## Part II: Claim

☐ I certify that I received a letter from Real Time Resolutions, Inc. regarding the transfer of collection duties of my mortgage loan between February 1, 2013 through August 10, 2016.

## Part III: Certification

By submitting this claim form, I certify that the foregoing information supplied by the undersigned is true and correct to the best of my knowledge and recollection.

Signature of the Claimant: Date: / /

Print Name of Claimant:

**QUESTIONS? VISIT www.LOCKHARTFDCPACLASSSETTLEMENT.com OR CALL TOLL-FREE 1-855-629-0734**
**To view GCG's Privacy Notice, please visit www.GardenCityGroup.com/privacy**

# EXHIBIT E

LOCKHART V REAL TIME RESOLUTIONS
TIMELY EXCLUSION REQUESTS

| GCG ID NO. | CLASS MEMBER NAME |
|---|---|
| 75520265F3 | ANTHONY BOLT |
| C27474818D | MARY T KRINER |
| 6B84FE3BD8 | MICHAEL J VALENT |
| 2C3FC2E132 | NICHOLAS C MYERS |
| 7CEA519BC1 | THELMA OWENS |
| F06DF8F5DE | VALENCIA WILLIAMS |

LOCKHART V REAL TIME RESOLUTIONS
UNTIMELY EXCLUSION REQUESTS

| GCG ID NO. | CLASS MEMBER NAME |
|---|---|
| 2821FB243F | JUDE T RANDAZZO |
| 440398902D | RICHARD L WILSON |