**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 15-60481-CIV-WPD**

REGINALD R. LOCKHART, an individual, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

REAL TIME RESOLUTIONS, INC., a Texas corporation,

Defendant.

________________________________________/

## FINAL APPROVAL ORDER

This matter comes before the Court on the joint request of Plaintiff, Reginald R. Lockhart and a class of Persons similarly situated (collectively, "Plaintiffs" or "Class Members") and Defendant, Real Time Resolutions, Inc., a Texas corporation, for final approval of the Class Action Settlement Agreement and Release ("the Agreement"). Based upon the submissions in support of final approval, the Court finds that:

A. The total number of Class Members is approximately 31,011.

B. Notice was sent by first class mail to 29,392 persons at their last known mailing address using Accessible Contact Information.

C. The United States Postal Service returned 3,846 Notices to the Settlement Administrator, Garden City Group, as undeliverable. Garden City Group forwarded 50 returned Notices to a forwarding addresses provided by the United States Postal Service.

D. There no pending objections to the Settlement.

E. Six (6) class members chose to opt-out of the Settlement, whose names are set forth in Exhibit “A” to the Settlement Administrator Report.

F. A total of 1,215 Class Members submitted claim forms (“Participating Class Members”) who shall receive a cash payment from the $22,500.00 statutory damages fund ("Settlement Fund"). Each Class Member will receive approximately $18.51 from the Settlement Fund.

The Court being duly advised, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. **Definitions.** For the purposes of this Final Order of Dismissal (the "Final Order"), the Court adopts by reference the definitions set forth in the Definitions section of the Agreement. This includes the following definition of the Settlement Class:

> All persons within the United States (i) with whom Real Time Resolutions, Inc. communicated with but failed to disclose the amount of the debt being collected and to whom the debt was owed as required under 15 U.S.C. §1692g(a); (ii) in an attempt to collect a debt which, according to the nature of the creditor or the debt, was incurred for personal, family or household purposes; and (iii) from February 1, 2013 to the date of entry of the order preliminarily approving the settlement of this action

2. **Notice.** The Court finds that the distribution of the Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3. **Final Approval.** The Court finds that the Settlement is fair, reasonable, and adequate, and accordingly, the Court approves the Class as certified for settlement purposes and approves the Settlement, directing that the Parties implement it, as follows:

A. The Parties are directed to implement the settlement in accordance with its terms. Payment of $3,600.00 shall be made to Reginald D. Lockhart, the Class Representative. Payment

of the Settlement Fund is to be made to all Participating Class Members who did not exclude himself or herself from the Class or the Settlement. Any funds unclaimed 90 days after funds have been sent must be paid over as a *cy pres* award to be distributed in equal portions to National Legal Aid and Defender Association.

B. Except as to any individual claim of those Persons who have timely and effectively requested exclusion from the Class under the Agreement, the Court hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against the Released Parties.

C. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

D. Upon the Final Approval of the Agreement, the Class Representative and all Class Members who have not timely and effectively requested exclusion from the Class, shall be deemed to have and by operation of law shall have, fully, finally and forever released and discharged the Released Parties from the Released Claims, as defined in Paragraph 46 and its subparts of the Settlement Agreement. This action is dismissed with prejudice.

E. Nothing herein shall alter, amend, or terminate the right of Real Time and its clients to collect any balance (including, but not limited to, principal, interest, attorney's fees, and other costs and charges) allegedly owed by any Class Member, for any debt. Nothing herein shall otherwise release or discharge (1) any legally enforceable claim which Defendant and its clients may have against any Class Member or any other person or entity, or (2) any legally enforceable lien which Defendant and its clients may have against any or all Class Members or any other person or entity. Nothing herein shall otherwise void or abrogate the contractual obligations of any

Class Member nor impair or limit any right or cause of action by the Class Representative or the Class to dispute the underlying debt or amount owed to Defendant or the clients of Defendant.

4. **Injunction.** The Court bars and permanently enjoins all Class Members, except those who timely and effectively requested exclusion from the Settlement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant for liability in any way related to, arising out of, or based upon the Released Claims.

5. **Defendant's Denial of Liability.** The Court notes that Defendant denies any liability to Plaintiff or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Action be dismissed with prejudice and that the claims against Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendants arising from the acts, transactions, or occurrences alleged in the Action.

6. **Jurisdiction.** The Court finds that it has jurisdiction over the subject matter of the Action, the Class Representative, the other Class Members, and Defendant. Without affecting the finality of the Judgment, the Court reserves and retains exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement or Final Order.

7. **Attorney's Fees.** After reviewing Class Counsel's application for attorney's fees in support of final approval, the Court awards to Class Counsel Attorney's Fees and costs in the total amount of $______________________.

8. **Timing of Payments or Consideration.** No later than 30 days after this Order becomes final as defined by Paragraph 23 of the Class Action Settlement Agreement and Release, settlement checks shall be distributed to all class members who have timely returned a claim form.

ORDERED this _____ day of ____________________, 2016.

_________________________________
William P. Dimitrouleas
United States District Court Judge

Copies furnished to:
All Counsel of Record